Wood, J.
The first count is on a note, not negotiable, being-made payable to Hilton, without the words order or bearer, indorsed before due, and presented for payment on the 10th of December, six days before due, and of which payment was refused, and notice thereof on the same day given to the defendant. The introduction of the note, the only evidence offered, proves only its execution and indorsement. This is clearly insufficient under theaverments in this count. It proves neither the presentment of the note, and demand of payment of the maker when the note became due, nor in a reasonable time thereafter, in the language of the statute, nor notice to the indorser, which is required by all authority, as the indorser’s undertaking is collateral, to pay only in default of the maker, and due notice thereof. But, if the introduction of the note proved every averment made in this count, the plaintiff would be in no better condition ; for the presentment for payment to the maker, refusal, and notice thereof, are laid six days before the note became due, and when there was neither-legal nor moral obligation to pay.
The second count is against the defendant as a guarantor; sets out the consideration of the guaranty, and avers that the defendant thereby agreed to guaranty the payment thereof to the plaintiff, when the note should become due and payable, etc.; and again avers the presentment to the maker for payment, on-the same December 10,1839, and that the defendant afterward had due notice. *92 Here are the same objections to the proof, and if proved, the averments show no right of recovery.
The third count describes the note as made by the defendant to the plaintiff; lays the promise as an original undertaking *to pay the plaintiff $252, ninety days after date; and it is to this count our attention has been specially directed.
The authorities cited, show that it has been held, in some of the states, that where a note, not negotiable, or a note negotiable, by its terms, after due, is transferred, the act of indorsing is a promise to pay the note; that it is, in effect, the creation of a new note between the indorser and the indorsee, and may be declared on .as such. Though the transfer of such note does not give a right of action against the maker, in the name of the indorsee, it is good against the indorser, and is a guaranty that the note will be paid. It is a positive undertaking, and not conditional, to pay, if the maker does not, on demand, 'and notice to the indorser. 8 Wend. 421. There are also other authorities, to the same import, to be found in the books, where such contract has been held to be an original, and not a collateral undertaking.
In Vermont, a different rule prevails. It is there held that the indorsee of a promissory note, not negotiable, follows the law merchant, in making demand of payment, and giving notice of non-payment to the indorser. 1 Vt. 136.
When the decisions of the highest judicial tribunals of our sister states are found to conflict with each other, this court must, of necessity, be left to select from the one or the other, or to prescribe for itself the rule, in our opinion, most conformable to reason and justice, most applicable to our local enactments, in .analogy with our own and the general opinion of the profession, .and, in eases of this kind, with the sense of the mercantile or business community.
In this, however, it would, perhaps, be as difficult to unite our opinions as to reconcile decisions in direct conflict. One member of the court holds the promise as original, as set forth in this count. The majority, however, hold it to be collateral, and subject, in .some degree, to the usages of mercantile law, as applied to the indorsee of negotiable paper; and this opinion is decisive against the plaintiff on this count. It is holden by two of the judges that .a demand upon the maker, when such note becomes due, and rea sonable notice to the indorser, *or notice before suit b rought,' *93 would be necessary to charge the defendant as a guarantor, as. declared against in the second count.
All unite in the opinion, that the name of the payee, in blank, appearing upon the note, is not a guaranty, but an indorsement, while the name of a person, out of the note, appearing upon it,, would be a guaranty. In such case, a majority of the court are of opinion to charge the guarantor. Demand of payment must be-made when the note becomes due, and notice, before suit brought, given to the guarantor; while one member holds that the guarantor is not liable, unless the maker be prosecuted to insolvency, and notice thereof given to the guarantor; and we are unanimous in opinion that such prosecution, though a majority hold it unnecessary, and notice thereof, will enable the plaintiff to sustain the action.
The two first counts were disposed of, in the outset, on different grounds, however. The third is disposed of by the opinion of a majority of the court, that the promise therein laid is not, as-stated, an original undertaking, and is therefore not sustained by the introduction of the note; and there is no evidence to apply to the common counts. Judgment for the defendant.